UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN JUNIUS THORNTON II,

                        Petitioner,

                                                     CRIMINAL CASE NO. 97-50021

v.

UNITED STATES OF AMERICA                HONORABLE PAUL V. GADOLA
                                                         U.S. DISTRICT COURT
                        Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S 60(b) MOTION FOR RELIEF FROM JUDGMENT</u>**

Before the Court is Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) filed on April 7, 2006. For the following reasons, the Court denies Petitioner's motion.

       **I.**       **Background**

In November 1998, a federal jury found Petitioner guilty of conspiracy to commit firearm murder during and in relation to a drug trafficking crime, two firearm murders during and in relation to a drug trafficking crime, use of a firearm during and in relation to a drug trafficking crime, distribution of cocaine, possession with intent to distribute cocaine, and possession with intent to distribute marijuana.

Consequently, Petitioner was sentenced to life imprisonment for the controlled substance conspiracy, conspiracy to commit firearms murder during and in relation to drug trafficking crime, and the firearms murders. Petitioner was also sentenced to 240 months for distribution of cocaine and possession with intent to distribute cocaine, 480 months for another count of possession with intent to distribute cocaine, 60 months for two counts of possession with intent to distribute

marijuana, and 60 months for use of a firearm during and in relation to a drug trafficking crime. The Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction.

Petitioner's first 28 U.S.C. § 2255 motion to vacate was denied by this Court on March 21, 2002. Petitioner now brings a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

**II.     Analysis**

Petitioner argues that his 60(b) motion should be granted because (1) some of the evidence used in his federal prosecution should have been suppressed and (2) a jury instruction pertaining to the use and carrying of a firearm was defective. In response, the Government first argues that Petitioner's 60(b) motion is, in essence, a second and successive § 2255 motion which is time-barred and should be denied. The Government also argues that Petitioner's arguments are meritless.

Petitioner brings his motion pursuant to subparts (4), (5), and (6) of Federal Rule of Civil Procedure 60(b). These provisions state the following:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Though the Government argues that Petitioner's motion should be treated as a § 2255 motion, not as a 60(b) motion, Petitioner argues that it is properly considered a 60(b) motion because he is not attacking the substance of the judgment but rather some defect in the integrity of the proceedings. This Court is mindful of the possible negative consequences of recharacterizing

Petitioner's motion as a § 2255 motion. *See In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002). The Court will proceed by treating Petitioner's motion as a 60(b) motion.

The Court first notes that Petitioner brings his 60(b) motion more than seven years after his jury trial, sentencing, and judgment. Under the Federal Rules of Civil Procedure, a 60(b) motion brought pursuant to subparts (4), (5), or (6) "shall be made within a reasonable time." *Id.* The Court finds that seven years is not a "reasonable" time as contemplated by Rule 60(b). Accordingly, Petitioner's 60(b) motion is untimely.

The Court also finds that Petitioner has failed to show that subpart (4) applies. "A judgment is void under 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 761 (6th Cir. 2005) (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)). Petitioner's arguments fail to establish that this Court did not have jurisdiction to issue judgment in Petitioner's case, nor that it acted in a manner inconsistent with due process of law.

Petitioner's argument pursuant to subpart (5) also fails. Petitioner has not demonstrated that there have been any changed circumstances since the issuance of a judgment showing that the continued enforcement of the judgment would be inequitable.

Finally, the Court finds that subpart (6) does not offer Petitioner any relief. In *Blue Diamond Coal Co. v. Trustees of UMWA*, 249 F.3d 519 (6th Cir. 2001), the Court of Appeals for the Sixth Circuit stated that subsection (6) of Federal Rule of Civil Procedure 60(b) "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. . . . Consequently, courts must apply Rule 60(b)(6) relief only in unusual and

extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trustees of UMWA*, 249 F.3d 519, 524 (6th Cir. 2001) (citations and quotations omitted). Here the Court does not find that there are unusual or extreme circumstances that mandate relief for reasons of equity.

Moreover, the Court agrees with the Government that Petitioner's arguments have no merit. First, the Court finds that Petitioner's argument concerning the suppressed state evidence fails because the argument should have been made before trial and because Petitioner has failed to establish standing. Second, the Court finds that Petitioner's argument concerning the jury instructions fails because the jury instructions were not in error and adequately stated the law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion for relief from judgement pursuant to Federal Rule of Civil Procedure 60(b) [docket entry 460] is **DENIED.**

**SO ORDERED.**

Dated:   November 16, 2006                              s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   November 16, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                          Mark C. Jones                                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                 Ervin Thornton, II                 .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845

4