UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    Criminal No. 97-CR-50021-01

vs.                                            HON. BERNARD A. FRIEDMAN

ERVIN JUNIUS THORNTON II,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A JUDICIAL RECOMMENDATION CONCERNING LENGTH OF RRC/HALFWAY HOUSE PLACEMENT

This matter is presently before the Court on defendant's motion "requesting a judicial recommendation concerning length of [Residential Re-entry Center ('RRC')]/halfway house placement" (ECF No. 584) pursuant to the Second Chance Act of 2007. The government has not filed a response and the deadline for doing so has expired. For the following reasons, the Court shall deny the motion.

In 1998 defendant was convicted of conspiracy to distribute cocaine and marijuana; conspiracy to commit firearm murder; two counts of drug-related murder; four counts of possession with intent to distribute cocaine and marijuana; use of a firearm during a felony drug offense; and distribution of cocaine. Defendant was sentenced to life imprisonment. On March 30, 2021, the Court granted defendant's motion for compassionate release, reducing his sentence to 360 months' imprisonment followed by a five-year term of supervised release. Defendant is presently incarcerated at FCI McDowell in Welch, West Virginia. His anticipated release date is April 13, 2023.

In the instant motion, defendant asks the Court to recommend that he be placed in

a RRC or halfway house for the final twelve months of his term of incarceration. *See* Mot. at 1-2. He states that he is 46 years old and wants to become a productive member of society upon release from prison. *See id*. at 7. Defendant indicates that opportunities to attend programming or obtain work experience in prison have been limited since the onset of the COVID-19 pandemic and recognizes that, paritcularly given his lengthy term of incarceration, reintegrating into society will take time and assistance. *See id*. at 8.

"[T]he Second Chance Act [is] a 2008 federal statute designed to provide prison officials with greater discretion in assisting inmates in making the transition back into society by permitting prison officials to place inmates in Residential Re-entry Centers up to 12 months before they are released from custody." *McDonald v. Obama*, No. 1:10-CV-379, 2010 WL 1526443, at *1 (M.D. Pa. Mar. 15, 2010). Pursuant to the Second Chance Act, the Bureau of Prisons ("BOP") promulgated regulations that provide, in pertinent part:

> Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.

28 C.F.R. § 570.22. Section 3621(b) requires the BOP to consider the following factors when determining a prisoner's place of confinement: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the prisoner's offense; (3) the prisoner's history and characteristics; (4) any statement by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission." *Lovett v. Hogsten*, No. 09-5606, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009).

"The decision to provide RRC time is a discretionary determination left to the BOP."

*United States v. Thelen*, No. 97-20015, 2019 WL 5616946, at *2 (E.D. Mich. Oct. 31, 2019). *See also Creager v. Chapman*, No. 4:09-CV-713-A, 2010 WL 1062610, at *3 (N.D. Tex. Mar. 22, 2010) ("Section 3621(b) vests in the Bureau of Prisons 'sole discretion' to determine where a federal inmate will be housed."). The Court believes that the BOP is best situated to evaluate defendant's placement based on facility resources, defendant's history, and the other factors enumerated in § 3621(b). *See Cucu v. Terris*, No. 17-13646, 2018 WL 1203495, at *5 (E.D. Mich. Mar. 8, 2018) (citing "lack of bed space and community resources" as the basis for the BOP's reduction in the length of petitioner's RRC placement). Accordingly,

IT IS ORDERED that defendant's motion for a judicial recommendation concerning length of RRC/halfway house placement is denied.

Dated: November 9, 2021  
       Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 9, 2021.

Ervin Junius Thornton, II #19919-039  
MCDOWELL  
FEDERAL CORRECTIONAL INSTITUTION  
P.O.BOX 1009  
WELCH, WV 24801

s/Johnetta M. Curry-Williams  
Case Manager

3